**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

CARMEN C. DEVAUX,                  :
                                   : CIVIL ACTION NO. 05-598 (MLC)
     Plaintiff,                    :
                                   :         **MEMORANDUM OPINION**
     v.                            :
                                   :
COMMISSIONER OF SOCIAL SECURITY,   :
                                   :
     Defendant.                    :

**COOPER, District Judge**

The plaintiff, Carmen C. Devaux, moves for an award of attorney fees against the Commissioner of the Social Security Administration ("Commissioner") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[1]  (Dkt. entry no. 4.)  The Court, for the reasons stated herein, will grant the motion in part and deny the motion in part.[2]

## BACKGROUND

The plaintiff applied for a Period of Disability and Disability Insurance Benefits from the Social Security Administration on September 13, 2002, alleging that she was

---

[1]  Plaintiff's name is spelled "Deveaux" at times in the plaintiff's reply brief to the EAJA motion.

[2]  The Commissioner has filed what appears to be a cross motion "for an order denying EAJA fees."  (Dkt. entry no. 5.)  The Court will (1) treat this purported cross motion as the brief in opposition to the plaintiff's motion, and (2) deny the cross motion as moot.

disabled as of October 1, 1993. (11-29-05 Soc. Sec. Admin. Decision ("Decision"), at 1.) The claim was denied at the agency level initially, and upon reconsideration. (Id.) The plaintiff filed a timely request for a hearing on February 6, 2003. (Id.)

A hearing was held before an Administrative Law Judge ("ALJ") on May 6, 2004. (Id.) The plaintiff personally appeared, testified, and was represented by counsel. (Id.) The ALJ, in a decision issued on August 27, 2004, found that the plaintiff did not have a severe impairment during the period ending on December 31, 1994, and thus was not eligible to receive Disability Insurance Benefits. (Id.)

The plaintiff filed a timely request for review of the ALJ's decision in this Court on January 28, 2005. (Compl.) The Commissioner did not file an answer. Instead, the parties agreed to remand the case for a "de novo hearing" at the request of the Commissioner; the transcript of the May 6, 2004, hearing could not be completed "because significant portions of the recording of [that] hearing . . . were inaudible." (Decision, at 2; Def. Br., at 1; Pl. Reply Br., at 2; 6-23-05 Consent Order.) The Court issued an order remanding the action pursuant to sentence six of 42 U.S.C. § 405(g). (Id.)

A new hearing was held before the ALJ on October 21, 2005. (Id.) The plaintiff personally appeared, testified, and was represented by counsel. (Id.) The plaintiff presented evidence

2

at this hearing that was not presented at the first hearing in 2004. (Id. at 3.) The ALJ rendered a decision favorable to the plaintiff on November 29, 2005.

The ALJ on remand concluded that the plaintiff was entitled to (1) a Period of Disability beginning on October 1, 1993, and (2) Disability Insurance Benefits. (Id. at 7.) He determined that the plaintiff suffers from multiple sclerosis, a medically determinable "severe" impairment. (Id. at 2.) The ALJ considered the assessments of the non-examining state agency medical consultants, which found the plaintiff "not disabled." (Id. at 6.) Based upon the new evidence, including the testimony of the plaintiff at both hearings, he stated that the plaintiff's limitations were more significant than previously determined. (Id.) He placed "substantial weight" on the newly-submitted exhibits, in addition to exhibits that were previously part of the record. (Id.) The new exhibits were labeled 16B, 5D, 6D, and 9F through 11F. (Id.) Neither party appealed from this decision. The plaintiff now moves for an award of attorney fees.

### DISCUSSION

**A.   Determination of Attorney Fees under the EAJA**

A qualified prevailing party will be awarded attorney fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The EAJA provides that:

3

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Id.

This "determination is for the district court to make." Pierce v. Underwood, 487 U.S. 552, 560 (1988). To be eligible to recover an award of attorney fees, the prevailing party's net worth cannot exceed $2,000,000 at the time the action is filed. 28 U.S.C. § 2412(d)(2)(B)(I).

A party who has prevailed before the Social Security Administration may move for an award of attorney fees after seeking judicial review from a district court. There are two types of remands that a district court may issue pursuant to 42 U.S.C. § 405(g), a sentence four or a sentence six remand. Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991). A court will issue a sentence six remand when either (1) the Commissioner requests a remand before filing an answer to the complaint, or (2) new material evidence is adduced and, with good cause, was not presented at the agency level. Shalala v. Schaeffer, 509 U.S. 292, 297 n.2 (1993). The district court retains jurisdiction over the matter on a sentence six remand. Melkonyan, 501 U.S. at 98-99.

A prevailing party, on a sentence six remand, may move for an award of attorney fees when (1) the post-remand proceedings have terminated and the Commissioner has returned to court with a decision, (2) the court has entered a final judgment, and (3) the appeals period has run.  Melkonyan, 501 U.S. at 102.

The Commissioner, pursuant to 42 U.S.C. § 405(g), is to return to the district court and file an appropriate motion for disposition upon conclusion of any remand proceeding where a claimant has received benefits.  Brown v. Sec. of Health & Human Servs., 747 F.2d 878, 884 (3d Cir. 1984).  If the Commissioner neglects to return to court, the remanding court is "vested with full equity powers[,] and may adjust [the claimant's] relief to reflect such changed circumstances."  Id. at 885.  The prevailing party has 30 days to move for a fee award once a final judgment has been entered.  28 U.S.C. § 2412(d)(1)(B).[3]

### 1. **Prevailing Party**

A plaintiff is a prevailing party on the merits under the EAJA if the plaintiff "achieved some of the benefit sought . . .

---

[3] The Commissioner here has neither properly returned to the Court with the new decision, nor sought final judgment.  But a copy of the ALJ's November 29, 2005 decision was attached to the defendant's memorandum of law in opposition to the plaintiff's motion.  Pursuant to the Court's equity powers, and in the interest of not unnecessarily prolonging this litigation, the Court will treat the plaintiff's motion for an award of attorney fees as timely and not premature.  The Commissioner has not contested the timeliness of the plaintiff's motion.

[in] bringing the suit." Mendez v. Sullivan, 792 F.Supp. 375, 378 (E.D. Pa. 1992) (quotation and citation omitted). Prevailing party status can be determined through a basic evaluation of the relief the plaintiff sought and the relief obtained. Guthrie v. Sec. of Health & Human Servs., 882 F.Supp. 375, 376 (D. Del. 1995). When there is no judgment on the merits, a party prevails when the "plaintiff's litigation constituted a material contributing factor in bringing about the events that resulted in the obtaining of the desired relief." Mendez, 792 F.Supp. at 378 (quotation and citation omitted).

### 2. Substantially Justified

A prevailing party is not eligible for an award of attorney fees under the EAJA if the government's position is substantially justified. A position is substantially justified when it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The government's position must have a reasonable basis in both fact and law. Id. Substantially justified means "more than merely undeserving of sanctions for frivolousness." Id. at 566. Plainly stated, this is a reasonableness standard. Hanover Potato Prods., Inc., v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993). The government's position must be substantially justified at the agency level that gives rise to the litigation, and at the district court level on review. Kiareldeen v. Ashcroft, 273 F.3d

6

542, 545 (3d Cir. 2001); <u>Washington v. Heckler</u>, 756 F.2d 959, 960 (3d Cir. 1986).

The government has the "strong" burden of demonstrating that its position is substantially justified, and does not carry its burden simply by adducing some evidence in support of its position. <u>Id.</u> at 961. <u>See</u> <u>Hanover</u>, 989 F.2d at 128. The government must show (1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory it propounded, and (3) a reasonable connection between the facts alleged and the legal theory advanced. <u>Morgan v. Perry</u>, 142 F.3d 670, 684 (3d Cir. 1998).

The Court must evaluate each significant argument made by the government to determine if its position was substantially justified. <u>Hanover</u>, 989 F.2d at 131. This does not mean that every argument offered by the government must be substantially justified. <u>Id.</u> The government can be substantially justified even though it may have lost the underlying case. <u>Dougherty v. Lehman</u>, 711 F.2d 555, 566 (3d Cir. 1983).

### 3. Calculation of Fees

A prevailing party is entitled to recover attorney fees in an amount that shall not exceed $125.00 per hour unless the court determines that a higher amount is justified by an increase in the cost of living or other special circumstances. 28 U.S.C. § 2412(d)(2)(A)(ii). The party seeking an award of fees must

submit (1) an application for fees and other expenses showing that the party is a prevailing party and is eligible to receive an award, and (2) the amount sought, including an itemized statement specifying the actual time expended and the rate at which fees and other expenses were calculated.  Id. at (d)(1)(B).  Attorney fees must be reasonable and shall be calculated upon prevailing market rates.  Id. at (d)(2).  The Consumer Price Index ("CPI") published by the Bureau of Labor Statistics is used to calculate increases in the cost of living.  Allen v. Bowen, 821 F.2d 963, 967 (3d Cir. 1987).

**B.   Analysis**

The plaintiff seeks an award of attorney fees for services rendered before the Court when first seeking review, before the Social Security Administration following remand, and on this EAJA fee application, plus costs of $150.00.  She seeks a total award of $5,624.00.  (Pl. Br., at 8.)  She asserts that she is a prevailing party because she obtained a fully favorable decision on her disability claims after the sentence six remand.  (Id. at 5.)

The Commissioner argues that the government's position was justified because significant portions of the recording of the May 6, 2004 hearing were inaudible and the favorable decision issued by the ALJ was based "solely" on the new evidence presented at the October 21, 2005 hearing.  (Def. Br., at 2-3.)

The plaintiff in reply argues that the Commissioner's position was not substantially justified.  She argues that the new evidence presented at the October 21, 2005 hearing confirmed the evidence that was already on the record and that evidence was sufficient for a finding of a severe impairment.  (Pl. Reply Br., at 4.)  Plaintiff asserts that the Commissioner has made no attempt to justify (1) the initial denial of benefits at step two (no finding of severe impairment), and (2) the Appeals Council's failure to grant review.  Instead the plaintiff was required to seek review of the decision before the Court.  (Id. at 5.)

1.  **Plaintiff is a prevailing party under the EAJA**.

The plaintiff obtained a fully favorable decision from the ALJ on her claims for a Period of Disability and Disability Insurance Benefits on November 29, 2005. (Decision, at 7.)  The plaintiff, therefore, qualifies as a prevailing party after she obtained all the relief sought upon remand to the ALJ on the claims for a Period of Disability and Disability Insurance Benefits.  The Commissioner does not contest the plaintiff's prevailing party status.

2.  **The Commissioner's position was substantially justified when the plaintiff sought review initially**.

The Commissioner's position was substantially justified when the plaintiff sought review initially before the Court.  The plaintiff's application for a Period of Disability and Disability

Insurance Benefits was denied initially and upon reconsideration. (Decision, at 1.)  Subsequently, the ALJ found that the plaintiff did not have a severe impairment and denied benefits.  (Id.)  A severe impairment is one that significantly limits the claimant's physical or mental ability to do basic work activities, including: sitting, lifting, speaking, responding appropriately to supervision and co-workers, and understanding, carrying out, and remembering instructions.  20 C.F.R. § 404.1521(a)-(b).

The ALJ's original decision found that the Commissioner was justified in denying benefits at the agency level.  It was only upon remand and the presentation of additional evidence by the plaintiff that she was able to prevail.  The Court, therefore, will deny the part of the motion seeking an award of attorney fees for the time spent when the plaintiff sought review initially in this Court.

> 3. **The Commissioner's position was not substantially justified following the sentence six remand and on the EAJA fee application.**

The Commissioner sought a remand pursuant to sentence six because the tape recording of the May 6, 2004, hearing was defective.  This alone, however, does not carry the Commissioner's heavy burden of demonstrating substantial justification for requiring a second hearing.

While the ALJ on remand relied on the new evidence admitted into the record, the Court cannot say with certainty that the

favorable decision was based solely on that new evidence. First, the ALJ — in the November 29, 2005 decision — stated that he placed "substantial weight" on exhibits 3F, 4F, 6F, 9F, 10F, and 11F. (Decision, at 6.) Although Exhibits 9F through 11F were first presented at the second hearing, Exhibits 3F, 4F, and 6F were previously part of the record from the first hearing. (Id. at 3.) This indicates that the finding of disability was not obtained solely through the submission of new evidence as the Commissioner contends. Second, the ALJ referenced in detail exhibit 2F, which was previously part of the record. (Id.) Third, the ALJ stated that the plaintiff's testimony at the first hearing, as well as the second one, contributed to the favorable decision. (Id.) Fourth, although the Commissioner provided the Court with the ALJ's post-remand decision, the Commissioner failed to provide the pre-remand decision to the Court, thereby preventing the Court from evaluating the reasoning behind the initial denial. Thus, the Commissioner has not carried its burden of demonstrating that the government's position was substantially justified following the sentence six remand.

The Commissioner, in opposition to the EAJA fee application, relies on the same arguments that were offered to demonstrate that the sentence six remand was substantially justified. The Court has determined that the Commissioner's position was not

11

substantially justified on remand. Therefore, the Commissioner's arguments must necessarily fail as to the EAJA fee application.

**4.    The plaintiff is eligible to recover attorney fees**.

The plaintiff has calculated attorney fees in an appropriate manner, adjusting the statutory fee of $125.00 upward to account for the increase in the cost of living in accordance with the CPI, as outlined in 28 U.S.C. § 2412(d)(2)(A)(ii) and Bowen. The plaintiff's counsel calculated the increase in the CPI for all items from March 1996 (when the statutory rate was increased to $125.00) to November 2005 (when plaintiff prevailed on her disability claims). The CPI increase was then multiplied by the statutory rate of $125.00 to reach an adjusted hourly rate of $161.00. (Klein Aff., at 3.)

The amount requested is reasonable. The plaintiff's counsel spent 14.75 hours on the litigation following the sentence six remand and 3.5 hours on the EAJA fee application for a total of 18.25 hours at a rate of $161.00. Id. at 5-6. Plaintiff's counsel advanced costs of $150.00 for filing fees. Id. at 2. The fees awarded plus costs equals $3,088.25.[4] The Commissioner has not contested the amount of attorney fees requested or the manner in which they were calculated.

---

    [4]  $161 * 18.25 =   $ 2938.25
                        + $  150.00
                          $ 3088.25

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the plaintiff's motion in part, deny the motion in part, and issue an award of attorney fees in the amount of $3,088.25.  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge